UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UKELA SHELTON | CIVIL ACTION |
| VERSUS | NO. 13-5909 |
| GIBBS CONSTRUCTION, L.L.C. et al. | SECTION: G(4) |

### ORDER

Before the Court is Plaintiff's "Motion to Extend Deadline for Amending Pleadings and Motion to Reconsider Order Denying Filing of Second Amending and Supplemental Complaint."[1]

A Rule 59(e) motion to alter or amend a final judgment "calls into question the correctness of a judgment,"[2] and courts have considerable discretion in deciding whether to grant such a motion.[3] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[4] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1)  the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2)  the movant presents newly discovered or previously unavailable evidence;

(3)  the motion is necessary in order to prevent manifest injustice; or

---

[1] Rec. Doc. 26

[2] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[3] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[4] *Id.* at 355-56.

(4)     the motion is justified by an intervening change in controlling law.[5]

Reconsideration is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[6] and the motion must "clearly establish" that reconsideration is warranted.[7] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.

The originally filed "Motion to File Second Amending and Supplemental Complaint" was denied on June 13, 2014 and Plaintiff has not advanced any assertions that warrant reconsideration herein. All facts asserted could have been originally asserted and those which were asserted were insufficient or not asserted but could have been in Plaintiff's original request for relief. There is no newly discovered or previously unavailable evidence, nor has Plaintiff pointed to an error in law or fact in the Court's original decision. Finally, Plaintiff's failure to meet a deadline does not rise to the level of "manifest injustice;" if so, no deadline including statutes of limitation could ever be applied.

The Court has broad discretion in controlling its docket and insuring that parties respect the Court's deadlines.[8] Counsel had ample notice of issues which could necessitate adding this party

---

[5] *See, e.g.*, *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (citations omitted).

[6] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (citation omitted).

[7] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[8] See *Flaska v. Little River marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)); see also *Finisar v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 899 (E.D. Tex. 2006).

long before the deadline, but failed to act appropriately.[9] Nevertheless, even where a party fails to meet the requirement for relief regarding the extension of a deadline in a scheduling order, the Court in its discretion can grant relief

Considering all parties consent and have attested that the amended complaint will not in any way delay the trial or affect other deadlines,

**IT IS HEREBY ORDERED** that plaintiff's request to extend deadline for amending pleadings is **GRANTED;** however, the parties are admonished that no further exceptions will be made for any party absent where absolute adherence to the rule of law would require.

**NEW ORLEANS, LOUISIANA**, this __18th__ day of June, 2014.

*[signature: Nannette Jolivette Brown]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[9] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002); *see also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).